Forstall vs. Fussell et als.

---

No. 12,448.

A. J. FORSTALL VS. J. P. FUSSELL ET ALS.

ame as in A. J. Forstall vs. J. P. Fussell *et als.*, No. 12,447, this day decided.

APPEAL from the Sixteenth Judicial District Court for the Parish of Washington. *Reid, J.*

---

*Frank N. Butler* and *Clay Elliott* for Plaintiff, Appellant.

---

*Saunders & Miller* for Defendants, Appellees.

---

Argued and submitted December 31, 1897.
Opinion handed down February 21, 1898.

The opinion of the court was delivered by

WATKINS, J. This suit is of precisely similar character to the one of same title bearing the No. 12,447, with the difference that the instant one is founded upon a promissory note for the sum of five thousand dollars, bearing date November 28, 1890, and payable to W. L. Smith, agent or bearer, on the 15th of November, 1891, and signed by J. P. Fussell—one of the parties defendant who was cited in the other case—and twenty-eight other defendants who were not parties thereto.

In all other respects, the issues in this cause are the same as those in suit No. 12,447; and the aforesaid note for five thousand dollars was pledged by the payee thereof as collateral security for the same indebtedness as that for which the ten thousand dollar note was pledged. Consequently the object of this suit is to obtain judgment *in solido* against the defendants in this suit for the same indebtedness.

The record and evidence in this case is the same substantially as that in suit No. 12,447; and the same briefs have been filed in this case by counsel on both sides as were filed in the suit No. 12,447.

Both the ten thousand dollar note and the five thousand dollar note figured in the former suit, which was entitled Forstall vs. The Farmers' Union Commercial Association of Washington Parish, Louisiana, Limited, 47 An. 105, to which some of the present defendants were made parties. The exception of misjoinder of defendants was therein made and sustained upon the theory that on the face of the papers the defendants were principals; and as the makers of the two different notes were not common, they could not be used in the same suit.

In that case the plaintiff alleged that the corporation was indebted to him in the sum of four thousand one hundred and twenty-six dollars and seventy-six cents, " as appears by the account annexed to the petition."

That is precisely the same showing as is made in this record.

Notwithstanding that case was dismissed by this court on the ground that on the face of the papers the aforesaid notes appeared to be independent obligations, it is perfectly competent and proper that upon an examination of the pleadings and evidence we should treat the present defendants as sureties and so decide.

For the reasons assigned in suit No. 12,447, we are of opinion that

like judgment should be herein rendered against the defendants as to whom this case is at issue—in so far as the parties are different.

It is therefore ordered and decreed that the plaintiff and appellant do have and recover from the defendants and appellees, the sum of four thousand one hundred and twenty-six dollars and thirty-eight cents, with eight per cent. per annum interest from the 3d of February, 1898, subject to a credit of one thousand and one dollars and ninety-one cents as of same date, and all costs of both courts.